IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS M.I. PICOZZI,
    Plaintiff,

v.

FRANCIS GERARD JANSON,
    Defendant.

CIVIL ACTION NO. 18-CV-2210



## MEMORANDUM

JONES, J.                                                                MAY 31, 2018

Plaintiff Thomas M.I. Picozzi, proceeding *pro se*, has filed this civil action against Francis Gerard Janson, an attorney. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Picozzi leave to proceed *in forma pauperis* and will dismiss his Complaint.

### I. FACTS

In his Complaint, Picozzi alleges that when he "was a young boy a man [sexually assaulted him]." (Compl. at 6.)[1] The family "[harassed him] for years so [he called] Francis Gerard Janson for advice." (*Id.*) Janson asked Picozzi if his parents had done anything about the abuse when he was younger; Picozzi replied that he wasn't sure. (*Id.*) Picozzi then asked Janson "about the children that [were] hidden from [him]." (*Id.*) Subsequently, Janson "somehow" changed Picozzi's last will and testament. (*Id.*) Picozzi alleges that Janson mailed him a copy of the new will, which is when Picozzi discovered the changes. (*Id.*) He asserts that he "called Mr. Janson for help [and] was [surprised] at the response [he] got." (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

ENT'D JUN 01 2018

Mail: Picozzi

## II. STANDARD OF REVIEW

The Court will grant Picozzi leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Picozzi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Picozzi's allegations suggest that he is trying to raise legal malpractice claims against Janson. The only independent basis for the Court's jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint suggests that Picozzi and Janson are both citizens of Pennsylvania. Accordingly, the Court will dismiss Picozzi's Complaint for lack of subject matter jurisdiction.

2

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Picozzi leave to proceed *in forma pauperis* and will dismiss his Complaint for lack of subject matter jurisdiction. This dismissal will be without prejudice to Picozzi's right to raise his claims against Janson in state court.[2] Picozzi will not be permitted to file an amended complaint in this matter. An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

C. DARNELL JONES, II, J.

---

[2] The Court takes no position with respect to the merits or timeliness of any state law claims that Picozzi may raise.